UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

EDWARD JAMES CROMER et al.,

        Petitioners,                  Case No. 2:12-cv-399

v.

                                        Honorable R. Allan Edgar

UNITED STATES OF AMERICA et al.,

        Respondents.
_____/

## OPINION

This is a habeas corpus action brought by four state prisoners under 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice because it does not seek relief cognizable on habeas review.

**Factual Allegations**

Petitioners Edward James Cromer, Andre Jamal Freeman, Paul Anthony Davis and Eddie Armall Julian are presently incarcerated at the Ionia Maximum Correctional Facility, Marquette Branch Prison, Marquette Branch Prison and Alger Maximum Correctional Facility, respectively, but complain of events that occurred at the Marquette Branch Prison. They have listed the United States of America, Michigan Governor Rick Snyder, Warden Robert Napel, Unknown Hawkins, and Law Librarians Chis Masker and C. Hoffman as Respondents.

Petitioners, however, do not contest their convictions or sentences in their application for habeas corpus relief. Rather, Petitioners assert that they have been denied access to the law library in violation of their First Amendment rights. Petitioners also argue that Respondents Masker, Hoffman, Napel and Hawkins have discriminated against them by denying them materials in the law library because they are African American and Moors in violation of the Equal Protection Clause of the Fourteenth Amendment. Furthermore, Petitioner Cramer argues that he received a major misconduct conviction for disobeying a direct order without notice or a hearing in violation of his due process rights.

**Discussion**

Petitioners filed their application for habeas corpus relief under 28 U.S.C. § 2241. Section 2241 generally authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). The instant petition is subject to summary dismissal because Petitioners are challenging the conditions of their confinement. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is

entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints like the ones raised by Petitioners, which involve conditions of confinement, "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Lutz*, 476 F. Supp. 2d at 718 (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). Inmates like Petitioners may, however, bring claims that challenge the conditions of confinement under 42 U.S.C. § 1983. *Id.* (citing *Austin v. Bell*, 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996)). Because Petitioners challenge only the conditions of their confinement, their claims "fall outside of the cognizable core of habeas corpus relief." *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006).

Although *pro se* litigants are treated to less stringent pleading formalities, courts still require such litigants to meet basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "Arguably, hanging the legal hat on the correct peg is such a standard, and '[l]iberal construction does not require a court to conjure allegations on a litigant's behalf.'" *Martin*, 391 F.3d at 714 (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (dismissing a § 1983 suit brought as a § 2254 petition)). The Sixth Circuit has held that where, as here, claims about the conditions of confinement are not cognizable in an action under § 2241, the district court must dismiss the habeas action without prejudice to allow the petitioner to raise his potential civil rights

claims properly in a § 1983 action. *Martin*, 391 F.3d at 714. Accordingly, Petitioners' claims will be dismissed without prejudice.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioners' application without prejudice pursuant to Rule 4 because it does not seek relief cognizable on habeas review.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioners have demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioners' action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioners' claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioners' claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioners' claims was debatable or wrong. Therefore, the Court will deny Petitioners a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:      10/31/2012                    */s/ R. Allan Edgar*
                                          R. Allan Edgar
                                          United States District Judge